UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CAREN CUNNINGHAM, | ) | Case No. EDCV 09-1635-JEM |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER AFFIRMING  DECISION OF COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On September 14, 2009, Caren Cunningham ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Social Security income ("SSI") benefits.  The Commissioner filed an Answer on March 15, 2010.  On June 17, 2010, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge.  The matter is now ready for decision.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 39 year old female who was determined to have the medically determinable severe impairments of degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease secondary to tobacco abuse and somatoform disorder. (AR 10.) Plaintiff has not engaged in substantial gainful activity since the July 13, 2006, application date. (AR 10.)

Plaintiff's claim for SSI benefits was denied initially on December 16, 2006, and on reconsideration on September 14, 2007. (AR 8.) She filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") F. Keith Varni on January 6, 2009, in San Bernardino, California. (AR 8.) Claimant appeared and testified. (AR 8.) So did vocational expert Joseph M. Mooney. (AR 8.)

The ALJ issued an unfavorable decision on May 8, 2009. (AR 8-17.) The ALJ concluded that Claimant's impairments did not meet or equal a listing (AR 13-14) and assessed a residual functional capacity ("RFC")[1] for light work with a limitation of standing or working for 2 hours in an 8 hour workday. (AR 12.) Nonexertional limitations include "never climbing ladders, ropes or scaffolds; occasionally climbing ramps or stairs; occasionally balancing, stooping, kneeling, crouching and crawling; avoiding all exposure to hazards such as dangerous moving machinery, electric shock, radiation and unprotected heights; avoiding concentrated exposure to extreme cold; and mentally limited to unskilled work (simple, routine and repetitive tasks) in a nonpublic work environment." (AR 12.) The ALJ discredited Plaintiff's credibility as to her alleged subjective pain symptoms (AR 13-15), a finding not challenged by Plaintiff.

The ALJ found that Claimant is unable to perform her prior work as a smoke shop cashier, casino cashier, and gas station cashier. (AR 15.) The ALJ, however, concluded that there were other jobs in the national economy that Plaintiff could perform, including

---

[1] Residual functional capacity is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

table worker, small part or bench assembler and polisher/finisher.  (AR 16.)  Consequently, the ALJ found Claimant not disabled within the meaning of the Social Security Act.  (AR 16.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that Plaintiff is raising as grounds for reversal are as follows:

1.  Whether the ALJ properly developed the record.

2.  Whether the ALJ properly considered the treating doctor's opinion regarding Plaintiff's medication side effects.

3.  Whether the ALJ properly considered the consultative examiner's opinion.

4.  Whether the ALJ properly considered the treating physician's opinion and properly developed the record regarding Plaintiff's need for a walker or cane.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "'more than a mere scintilla' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotations and citations omitted).  This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting

Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work (PRW). Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's RFC. 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

1    The claimant bears the burden of proving steps one through four, consistent with the

2    general rule that at all times the burden is on the claimant to establish his or her entitlement

3    to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the

4    claimant, the burden shifts to the Commissioner to show that the claimant may perform

5    other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  If the

6    Commissioner cannot meet this burden, then the claimant is disabled and entitled to

7    benefits.  Id.

8                                          **DISCUSSION**

9    **I.    PLAINTIFF'S MEDICAL BACKGROUND**

10          After receiving epidural anesthesia for a hysterectomy in 2006, Claimant has

11   complained of pain and numbness ever since.  (AR 10.)  Physical exams, MRIs and nerve

12   conduction studies, however, were normal except for mild degenerative changes of the

13   lumbar spine and mild disc bulging and no neuropathy.  (AR 10-11.)  A treating physician

14   nonetheless prescribed a medley of strong narcotic medications, including hydrocodone,

15   diazepam, morphine, and valium.  (AR 11.)  Claimant also was prescribed methodone and

16   neurontin for back pain.  (AR 11.)  Other medications have included Xanax, Norco, Singulair

17   (for asthma), gabapen (gabapentin), loritab, albuterol, amitriptyhine, flonase, sumatriptan,

18   topiramate, zortex, zyrtec, topamax, Advair, Flovent, and Dilaudid.  (AR 33, 37, 38, 107,

19   134, 149, 173, 192, 247, 262.)

20          The consulting orthopedist Dr. Tarno did not believe there was any medical

21   justification for such medications and that Claimant was overmedicated.  He diagnosed

22   probable narcotic dependency.  (AR 11, 14, 261, 264.)  He did not understand how an

23   epidural injection could produce persistent back pain.  (AR 262.)

24          A consulting mental examination also was normal, although Dr. Larson did diagnose

25   pain disorder and mood disorder.  (AR 11.)

26

27

28

## II.   THE ALJ DID NOT FAIL TO DEVELOP THE RECORD ON OTHER JOBS

The ALJ found that Plaintiff could not perform her past relevant work.  (AR 15.)  At step five of the sequential process, however, the ALJ determined, based on the testimony of vocational expert ("VE") Joseph Mooney, that Claimant could perform other jobs in the national economy, specifically that of table worker, assembler, and finisher.  (AR 16.)  Plaintiff complains that neither the ALJ nor the VE provided the job code numbers from the Dictionary of Occupational Titles ("DICOT").  This was error, Plaintiff contends, because her RFC precludes exposure to "dangerous moving machinery" and the identified jobs "potentially" could involve such dangerous machinery.

The ALJ, however, met his step five burden to establish that Plaintiff could perform the specified jobs.  There is no Social Security regulation or case authority that requires an ALJ or VE to list DICOT job code numbers.  The ALJ, moreover, because of Claimant's nonexertional limitations (AR 16), properly consulted and relied on the VE's testimony, which constitutes substantial evidence.  Moore, 216 F.3d at 869-70.  An ALJ may rely on a VE's response to a hypothetical question containing all of the RFC limitations found credible by the ALJ and supported by substantial evidence.  Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005).  Here, the ALJ provided the VE with all of Plaintiff's RFC limitations, including avoidance of exposure to dangerous working machinery.  (AR 40-41.)  The VE testified that, with the assessed limitations, Claimant could perform the jobs of table worker, assembler and finisher.  (AR 41.)

The Ninth Circuit has held that the ALJ must inquire whether the VE is deviating from DICOT and obtain a reasonable explanation based on persuasive evidence for any deviation.  SSR 00-4p, 2000 WL 1898704; Massachi v. Astrue, 486 F.3d 1149, 1152-1153 (9th Cir. 2007).  Failure to inquire, however, has been held harmless error if there is no conflict or if the VE provided sufficient support for his or her conclusions so as to justify any conflict.  Id. at 1154 n.19.

Here, the ALJ made a specific finding that there was no inconsistency between the VE's testimony and DICOT:  "Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles."  (AR 16.)  Although this finding is somewhat conclusory, there is in fact no conflict between the VE's testimony and the DICOT job descriptions.  Claimant initially argued only that the identified jobs "potentially" involved dangerous moving machinery and that the ALJ failed to develop the record by not examining the DICOT job descriptions to determine if they did.  The Commissioner responded by providing the job code numbers and establishing that the job descriptions for table worker (DICOT 739.687-182), assembler (700.684-014) and finisher (731.687-014) do not require exposure to "dangerous moving machinery" precluded by Claimant's RFC.  Claimant's reply was that the table worker and assembler jobs involve moving machinery -- examining tiles passing along a conveyor (table worker) and using a foot press (for assembling jewelry).  Claimant's assertion is belied by the information in DICOT.  For all three jobs specified by the VE, the information provided in DICOT for "moving mechanical parts" is "Not Present - Activity or condition does not exist."  Moving machinery, moreover, is not "dangerous" moving machinery.  Also, Claimant does not even contend that the finisher job involves moving machinery, much less dangerous moving machinery.

There was no evidence that the VE departed from the DICOT or that the specified jobs involved dangerous moving machinery or were inconsistent with Claimant's RFC.  The ALJ made a specific finding that the VE's testimony was consistent with DICOT job information.  (AR 16.)  Thus, any error by the ALJ in not expressly inquiring whether the VE was deviating from DICOT was harmless and there was no failure to develop the record adequately.  The ALJ properly relied on the VE's testimony in making his step five determination that Plaintiff could perform other jobs in the national economy.  The ALJ carried the Commissioner's burden in making that determination.

**III.    THE ALJ PROPERLY DISCOUNTED THE TREATING
DOCTOR'S OPINION ON MEDICATION SIDE EFFECTS**

Dr. Samuel Wilson, M.D., in a September 16, 2008, Physical Capacities evaluation form, opined that Plaintiff's pain medications, because of their sedating effect, "might" affect her ability to work.  (AR 364.)  Plaintiff herself indicated that she is unable to work because her many medications make her "sleepy" and "dopey." (AR 34, 102, 138, 150.)  Plaintiff contends that the ALJ improperly rejected Dr. Wilson's opinion and failed to evaluate Plaintiff's medication side effects.

Plaintiff's argument has no merit.  If a treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).  Here, the ALJ rejected Dr. Wilson's opinion for specific and legitimate reasons supported by substantial evidence.

First, the ALJ was not obligated to accept Dr. Wilson's equivocal opinion that Plaintiff "might" affect her ability to work because it was "brief, conclusory, and inadequately supported by clinical findings."  Thomas, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, even a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings"); see also Batson v. Comm'r of Soc. Sec. Adm., 359 F.3d 1190, 1195 (9th Cir. 2004); Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).  The ALJ in this case specifically discounted Dr. Wilson's opinion because it was "brief, conclusory, and inadequately supported by clinical findings."  (AR 15.)  Dr. Wilson's opinion was a check-box form with little accompanying narrative or treatment notes.  Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ may reject check-off reports that do not explain basis for conclusions).  The ALJ properly rejected Dr. Wilson's opinion.

Second, the ALJ found there was no medical justification for the strong pain medications that Claimant was taking.  Physical and psychological exams and MRI scans were essentially normal except for mild lumber strain, and "it is questionable whether the Claimant even has any significant degenerative disc disease given the minimal findings on repeat MRI scans." (AR 10-11, 13.)  The orthopedic consulting examiner Dr. Tarno opined that Claimant does not have a history consistent with a severe back problem.  (AR 14.)  Relying on Dr. Tarno's evaluation, the ALJ concluded:

> The claimant is clearly overmedicated and probably has a diagnosis of narcotic dependence (Exhibit 6F, 9).  It is hard to believe the claimant has been prescribed a medley of strong narcotic pain medications, including morphine and methodone, for "back pain" without any underlying objective findings.  It is even more surprising that the claimant has been prescribed methodone without first being prescribed conservative treatment methods such as physical therapy and pain management.  The claimant has not even been referred to an orthopedic surgeon or neurologist for further evaluation of her pain.

(AR 14.)  Plaintiff's assertion that the ALJ made this finding without seeking the opinion of a medical expert is simply wrong.  The ALJ clearly was referring to Dr. Tarno's opinion at Exhibit 6F, 9 that Claimant was overmedicated (AR 264) and also referred to his opinion about narcotic dependency elsewhere in the decision. (AR 11.)

Third, the ALJ properly discounted Plaintiff's credibility because her subjective pain allegations were "significantly out of proportion to objective pathology." (AR 13.) The ALJ concluded that Claimant's assertion that she must spend most of the day in bed because of pain is "simply not credible." (AR 13.)  She also has exhibited poor

1  work motivation, choosing not to work for years when she could have done so.  (AR

2  14-15.)  Significantly, Claimant does not challenge or even address the ALJ's

3  discounting of Plaintiff's credibility in regard to her subjective pain complaints.

4       The ALJ did not fail to evaluate Plaintiff's medication side effects.  The ALJ

5  properly rejected the argument that Claimant could not work because of medication

6  side effects.  An ALJ should consider all factors that might have a significant impact

7  on an individual's ability to work, including the side effects of medication.  SSR 96-7p;

8  Erickson v. Shalala, 9 F.3d 813, 817-18 (9th Cir. 1993), citing Varney v. Secretary of

9  HHS, 846 F.2d 581, 585 (9th Cir. 1987) (superseded by statute on other grounds,

10  see Bunnell v. Sullivan, 912 F.2d 1149, 1153-54 (9th Cir. 1990)).  Under Varney, an

11  ALJ may not reject a claimant's testimony about the subjective limitations of

12  medication side effects without making specific findings similar to those required for

13  excess pain testimony.  Varney, 846 F.2d at 585.  Thus, where there is medical

14  evidence of impairments that reasonably could cause a claimant's symptoms, an ALJ

15  can reject a claimant's testimony only for specific, clear and convincing reasons

16  based on substantial evidence unless there is evidence of malingering.  See, e.g.,

17  Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

18       Here, the ALJ found that Claimant's impairments could cause her subjective

19  pain symptoms (AR 13) but discounted her credibility and made findings of

20  malingering.  (AR 13-15.)  Cases in this Circuit have found that alleged medication

21  side effects can be disregarded if unsupported by medical findings.  Gallegos v.

22  Astrue, 2010 WL 330242 at *2-*3 (C.D. Cal. 2010) (complaints of medication side

23  effects may be ignored if unsupported by objective medical evidence, particularly

24  where credibility has been rejected); Mitchell v. Astrue, 2008 WL 4793678 at *4-*5

25  (C.D. Cal. 2008) (failure to discuss side effects not error where unsupported by

26  objective findings).  Although those cases concern medical evidence of medication

27  side effects rather than medical evidence of pain as is the case here, the same

28

principle is applicable.  Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) (subjective complaints of pain may be disregarded if unsupported by clinical findings). The ALJ decision does not dispute that the strong narcotic medications taken by Plaintiff would cause side effects but rejects the need for such medications which, if discontinued or reduced, would not prevent Claimant from working.   Thus, Claimant's argument that the ALJ failed to evaluate her medication side effects misses the point of the ALJ's decision.  The ALJ found that there was no medical justification for Claimant's medications on which Claimant has become dependent.

The ALJ had specific, legitimate reasons supported by substantial evidence for rejecting Dr. Wilson's opinion that Plaintiff's medications "might" affect her ability to work, and did not fail to evaluate Plaintiff's medication side effects.  There was no error.

**IV.    THE ALJ PROPERLY CONSIDERED THE CONSULTATIVE EXAMINER'S OPINION**

Claimant's next argument is that the ALJ failed to indicate whether he was accepting or rejecting the opinion of the consulting psychological examiner L.D. Larson, Ph.D. that Plaintiff's pain medications "could impact her ability to maintain adequate focus and attention."  (AR 253.)  This argument fails for the same reason it failed in regard to Dr. Wilson.  The ALJ reasonably concluded that Plaintiff's subjective complaints of pain were not credible and that there was no medical justification for the strong narcotic medications that she was (is) taking.

**V.    THE ALJ DID NOT ERR REGARDING PLAINTIFF'S NEED FOR A CANE**

Claimant contends that the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Wilson's opinion that Plaintiff needs a cane or walker to stand or walk.  (AR 363.)  Claimant also argues that the ALJ failed to develop the record adequately on Plaintiff's need for a cane.  Claimant's assertions are, in effect, also a challenge to the ALJ's

1    RFC which does not contain any limitations that a cane or walker is necessary to walk or

2    stand.

3          The ALJ, however, rejected Dr. Wilson's opinion, which was disputed, for specific,

4    legitimate reasons supported by substantial evidence.  First, Dr. Tarno, a Board certified

5    orthopedic consulting examiner, opined that Plaintiff does not have "a history that is

6    consistent with any cause of severe back problems."  (AR 264.)  He observed that she

7    came into his office walking fully erect although using a cane to assist in ambulation

8    because of balance issues, not pain.  (AR 262.)  Dr. Tarno specifically found that a cane or

9    other assistive device was not necessary for ambulation and gave an assessment that

10    Plaintiff could stand or walk at least 2 hours in an 8 hour workday.  (AR 259.)  Also, a

11    February 24, 2006, treatment note from University Medical Center in Las Vegas indicated

12    that "the patient is ambulating around with a normal gait."  (AR 269.)

13          Second, the ALJ specifically rejected Plaintiff's contention that she needs or even

14    was prescribed a walker:

15          With regard to the claimant's contention that she was prescribed a

16          walker, this allegation is not supported by the record.  First of all, as

17          discussed, the objective medical evidence does not document the need

18          for a walker.  Indeed, exams show that the claimant has no difficulty

19          ambulating without any assistive device.  When seen for an initial visit at

20          High Desert Community Care Center, where Dr. Samuel Wilson works,

21          there is [*sic*] note under the weight section which simply states "in

22          walker" (Exhibit 15F/22).  There is nothing in the High Desert Community

23          Care Center records showing a walker was prescribed and that the

24          claimant has an impairment supported by objective clinical findings

25          supporting the need for a walker.  It would appear that the claimant

26          arrived with a walker and from that it was imputed the claimant requires

27          the use of a walker.

28

1   (AR 14.)  These comments were made as part of the ALJ's rejection of Plaintiff's credibility

2   on her subjective pain allegations, a finding Claimant does not contest.

3          Third, the ALJ specifically rejected Dr. Wilson's opinion:

4                  As for the opinion evidence, the undersigned gives little weight to the

5                  functional assessment completed by Dr. Samuel Wilson at High Desert

6                  Community Care Center finding the claimant cannot perform even

7                  sedentary work on a sustained basis due to back pain and pain

8                  medications, and needs a walker or cane to stand and walk (Exhibit

9                  16F).   I give no weight to his opinion that the claimant is unable to work,

10                 and little weight to his opinion that the claimant is only capable of far less

11                 than sedentary exertion.  Nothing in his treating records or anywhere

12                 else in the record even begins to support the extreme limitations he

13                 assessed for this disability claim.  In fact, his ridiculous assessments are

14                 flatly contradicted by the objective clinical findings of record, including

15                 physical exams performed at High Desert Community Care Center,

16                 where Dr. Wilson works.  Either Dr. Wilson was ignorant of the objective

17                 diagnostic findings in the record or chose to ignore them.  Accordingly, I

18                 cannot give significant weight to Dr. Wilson's statement since his opinion

19                 is brief, conclusory, and inadequately supported by clinical findings (20

20                 CFR 416.927(d)(2)).

21  (AR 15.)  Plaintiff argues that the ALJ failed to develop the record fully by not recontacting

22  Dr. Wilson to obtain clarification of his opinion on Plaintiff's need for walker.  This argument

23  fails because there was nothing ambiguous about Dr. Wilson's opinion, the evidence was

24  sufficient to make a disability determination, Bayliss, 427 F.3d at 1217, and the ALJ

25  correctly discounted Dr. Wilson's opinion because it was a checkbox evaluation that was

26  "brief, conclusory, and inadequately supported by clinical findings."  (AR 15.)  See Batson,

27  359 F.3d at 1195.

28

1      The ALJ did not err in rejecting Dr. Wilson's opinion regarding the need for a cane.

2 The ALJ's RFC was supported by substantial evidence.

3 **ORDER**

4      IT IS HEREBY ORDERED that Judgment be entered affirming decision of the

5 Commissioner of Social Security and dismissing the case with prejudice.

6      LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8 DATED: <u>December 1, 2010</u>               <u>*/s/ John E. McDermott*</u>

9                                    JOHN E. MCDERMOTT
                                 UNITED STATES MAGISTRATE JUDGE